IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT MEYER AND MARILYN MEYER,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CLEARLAKE, ALLAN McLAIN, LEE LAMBERT, JANINE LOWE, SCOTT SPIVEY, CURT GIAMBRUNO, CHUCK LEONARD, JUDY THEIN, ROY SIMONS, TODD MILLER, CARL MILLER, JOSEPH RODD, SARGENT RHODES, PACIFIC GAS & ELECTRIC COMPANY, AND ALL AMERICAN TOWING,<br><br>Defendants.<br>_____/ | No. C 08-04372 MEJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PACIFIC GAS & ELECTRIC COMPANY'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**ORDER SCHEDULING CMC** |

## I. INTRODUCTION

Before the Court is Defendant Pacific Gas & Electric Company's ("PG&E") Motion to Dismiss Counts One and Two for Failure to State a Claim (Dkt. #4). Plaintiffs Grant Meyer and Marilyn Meyer have filed an Opposition (Dkt. #11), to which PG&E filed a Reply (Dkt. #18). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby **VACATES** the hearing currently set for March 26, 2009. After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court hereby GRANTS PG&E's Motion as to Count One and DENIES PG&E's Motion as to Count Two for the reasons set forth below. Further, the Court GRANTS Plaintiffs leave to amend Count One.

## II. PROCEDURAL BACKGROUND

On September 17, 2008, Plaintiffs filed a Complaint for Damages and Injunctive Relief for Violation of Civil Rights and for Relief Under C.C.P. § 1094.5. (Dkt. #1.) On December 3, 2008, PG&E filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. # 4.)

## III. DISCUSSION

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A Rule 12(b)(6) dismissal is appropriate where there is either no cognizable legal theory, or where there are not sufficient facts alleged to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a Rule 12(b)(6) motion to dismiss, all material allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *See In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 983 (9th Cir. 1999). If the court dismisses the complaint, it should decide whether to grant leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.*

### B. Factual Allegations

The following factual allegations are taken from Plaintiffs' Complaint. Plaintiffs are a married couple who own two parcels of land in Clearlake, California; one is their residence and the other is a place of "established personal uses." (Compl. ¶¶ 2, 18.) The defendants consist of various municipal employees and officials (sued in both individual and official capacities), as well as two private business entities, PG&E and All American Towing. (Compl. ¶¶ 3-17.)

Plaintiffs allege that since 2004, all of the defendants have conspired to harass, intimidate, and coerce Plaintiffs to surrender their right to possession and use of their property, in part by means of various civil and criminal actions tagging their property as a public nuisance and issuing an abatement order. (Compl. ¶ 19.) Specifically with respect to PG&E, Plaintiffs allege that PG&E

conspired with "the defendants" and acted under color of state law and as an agent of the City when PG&E shut off power to Plaintiffs' residence without prior notice on or about June 11, 2007 and June 11, 2008. (Compl. ¶¶ 23, 36.)

Plaintiffs allege that, as a result of the defendants' actions, there is a clear and immediate threat of illegal seizure of their property. (Compl. ¶ 35.) Plaintiffs further allege they have suffered general and special damages including "emotional distress, humiliation, embarrassment, stress, anxiety, and physical upset to their central nervous system, and personal injury." (Compl. ¶ 40.) Based on these allegations, Plaintiffs assert the following claims: (1) violation of 42 U.S.C. § 1983 ("Count One"); (2) violation of Article 1 of the California Constitution ("Count Two"); and (3) relief under California Code of Civil Procedure section 1094.5 ("Count Three"). Defendant PG&E is only implicated in Counts One and Two of the Complaint.

**C.  Analysis**

In its Motion, PG&E seeks dismissal of Counts One and Two and requests that the Court dismiss it from the entire action. PG&E argues that the Court should dismiss it from Count One, which seeks relief for alleged violations of 42 U.S.C. § 1983, because Plaintiffs have not met the pleading standard required of civil rights conspiracy claims. With respect to Count Two, which seeks relief for alleged violations of Article 1 of the California Constitution, PG&E argues that the Court should dismiss it because Count Two incorporates and realleges every preceding paragraph of the Complaint without regard to reason or relevance, and so does not provide a "short and plain statement of the claim" as required by Federal Rule of Civil Procedure 8(a)(2). Finally, PG&E argues that since it is not implicated in Count Three, the Court should dismiss it from the entire action if the Court grants its motions for dismissal as to Counts One and Two.

In their Opposition, Plaintiffs argue that the pleadings are adequate under Rule 8(a), in that the Complaint gives fair and adequate notice of the nature and claims against PG&E. Plaintiffs thus urge the Court to deny PG&E's Motion.

**1. Count One**

In its Motion, PG&E seeks dismissal of Count One because Plaintiffs have not pled their § 1983 conspiracy claim with sufficient specificity. It argues that the Ninth Circuit recognizes an exception to the general Rule 8 pleading standard, requiring that claimants who make conspiracy allegations in § 1983 claims must meet a heightened pleading standard. PG&E argues that the Complaint fails to state a claim against PG&E under this heightened pleading standard. Alternatively, PG&E argues that the Complaint fails to state a claim against PG&E under the Rule 8 pleading standard because it does not give them adequate notice of the claim and its underlying basis. In their Opposition, Plaintiffs argue that the liberal Rule 8 pleading standard applies to their claim, and that they have properly plead their claims under this standard. Considering the parties' arguments and relevant legal authority, the Court agrees with PG&E.

Rule 8(a), which states that a plaintiff's pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," provides the general standard for judging whether a cognizable claim exists. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Under the Rule 8(a) standard, plaintiffs must give defendants fair notice of the claim and allege enough facts to raise a plausible right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007). This standard is a liberal one that does not require plaintiffs to set forth all the factual details of their claim; rather, all that the standard requires is that the facts create more than a mere suspicion of a legally cognizable right of action. *Id.* at 555-56. The factual allegations need not make the right to relief probable, but must be suggestive enough to make the claim plausible. *Id.* at 556.

However, courts within the Ninth Circuit have held that plaintiffs must satisfy a heightened pleading standard with respect to conspiracy allegations in civil rights claims. *See Harris v. Roderick,* 126 F.3d 1189, 1195 (9th Cir. 1997); *Jones v. Tozzi*, No. 05-01480, 2006 WL 2472752 at *13 n.6 (E.D. Cal. Aug. 24, 2006). Specifically, in order to survive a motion to dismiss, conspiracy claims must include nonconclusory factual allegations containing direct or circumstantial evidence of unlawful intent. *Harris*, 126 F.3d at 1195; *see also Deadmon v. Grannis*, No. 06-1382, 2008 WL

595883 at *13 (S.D. Cal. Feb. 29, 2008); *Thorns v. Ryan*, No. 07-00218, 2009 WL 230035 at *17, 18 (S.D. Cal. January 23, 2009). Plaintiffs alleging a conspiracy to violate their constitutional rights can meet the Ninth Circuit pleading burden by alleging "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of [the plaintiffs'] constitutional rights." *Harris v. Roderick,* 126 F.3d at 1196 (9th Cir. 1997). Reviewing the case law, the Court agrees with the reasoning set forth in these decisions regarding the heightened pleading standard.[1]

Here, Plaintiffs' Complaint alleges:

> 23. Further, on June 11, 2007, PG&E acting under color of law wrongfully and illegally conspired with defendants to deprive plaintiffs of their constitutionally protected rights by shutting off all power to the service to 3971 Pine Avenue without any notice, opportunity to be heard, or other due process. In doing said acts, PG&E was acting as an agent and fully cooperating with the defendants in their attempts to deprive plaintiffs of their constitutional rights, by unlawfully and illegally without any appropriate due process ejecting plaintiffs from their property and their right to use their property.
>
> 36. On or about June 11, 2008, PG&E shut off power to plaintiffs property at 3971 Pine Street without any prior notice and while acting under color of law in conjunction with and at the behest of the City.

(Compl. ¶¶ 23, 36.). Aside from these paragraphs, there are no other specific allegations regarding PG&E. Notably, although Plaintiffs have alleged that PG&E conspired with all of the defendants, the Complaint contains absolutely no allegations about which of the defendants PG&E conspired with or how they conspired. Having failed to allege such facts, the Court finds that Plaintiffs have not sufficiently pled a conspiracy. Accordingly, the Court GRANTS Defendant PG&E's Motion to Dismiss as to Count One. Further, because it is possible that Plaintiffs can cure these deficiencies, the Court GRANTS Plaintiffs leave to amend the Complaint.

///

---

[1] While there are also Ninth Circuit cases which ostensibly apply the Rule 8(a) pleading standard to conspiracy claims, such claims must still include enough specific facts to support the reasonable inference of conspiracy in order to provide defendants with fair notice of the claim. *See, e.g., Jones v. Kern High School District*, No. 07-1628, 2008 WL 3850802 at *21 (E.D. Cal. Aug. 14, 2008) (invoking *Harris*' list of specific facts which may satisfy this pleading burden, including "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of . . . constitutional rights").

### 2. Count Two

In its Motion, PG&E argues that the Court should dismiss it from Count Two of Plaintiffs' complaint because Count Two incorporates by reference all of the allegations of Count One without regard to relevance, and so is an impermissible "shotgun pleading." In their Opposition, Plaintiffs admit that Count Two incorporates by reference all of the allegations of Count One, but argue that Count Two is clear with respect to the claims and factual allegations against PG&E. The Court agrees with Plaintiffs.

When framing a count, plaintiffs may incorporate by reference the allegations of previous counts, so long as the claims are identified with sufficient clarity to enable defendants to frame a responsible pleading. *See* Fed. R. Civ. P. 10(c); *Carr v. United States*, No. 06-0372, 2006 WL 3355098 at *5 (E.D. Cal. Nov. 17, 2006). In this case, Count Two incorporates by reference all of the allegations of Count One in support of Plaintiffs' allegations of violations of Article 1 of the California Constitution. Thus, PG&E is aware of the alleged facts giving rise to the asserted claim and the legal basis for the claim. For pleading purposes, the allegations in Count Two are sufficiently clear. Accordingly, PG&E's Motion to Dismiss Count Two is DENIED.

### IV. CONCLUSION

Based on the foregoing analysis, the Court **GRANTS** PG&E's Motion to Dismiss with respect to Count One of Plaintiffs' Complaint and **DENIES** the Motion with respect to Count Two. The Court further **GRANTS** Plaintiffs leave to amend the Complaint with respect to the conspiracy allegations against PG&E in Count One. Plaintiffs shall file any First Amended Complaint no later than April 17, 2009. Because there is still a claim remaining against PG&E the Court **DENIES** PG&E's request that the Court dismiss it from this action.

The Court shall conduct a case management conference on June 4, 2009 at 10:00 a.m. in Courtroom B. The parties shall file a joint case management conference statement by May 28, 2009.

**IT IS SO ORDERED.**

Dated: March 24, 2009

MARIA-ELENA JAMES
United States Magistrate Judge