DALE L. ALLEN, JR., # 145279
MARK F. HAZELWOOD, # 136521
DIRK D. LARSEN, # 246028
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634

Attorneys for Defendants
CITY OF CLEARLAKE, ALLAN McLAIN,
LEE LAMBERT, JANINE LOWE, SCOTT SPIVEY,
CURT GIAMBRUNO, CHUCK LEONARD,
JUDY THEIN, ROY SIMONS, TODD MILLER,
CARL MILLER, RODD JOSEPH, AND BRETT RHODES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT MEYER AND MARILYN MEYER,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CLEARLAKE, ALLAN McLAIN, LEE LAMBERT, JANINE LOWE, SCOTT SPIVEY, CURT GIAMBRUNO, CHUCK LEONARD, JUDY THEIN, ROY SIMONS, TODD MILLER, CARL MILLER, JOSEPH ROOD, SARGENT RHODES, PACIFIC GAS & ELECTRIC, AND ALL AMERICAN TOWING,<br><br>Defendants. | Case No. 3:08-cv-04372 MEJ<br><br>[PROPOSED] CONSENT DECREE |

NOW, WHEREAS, plaintiffs GRANT MEYER and MARILYN MEYER ("Plaintiffs") have brought the above-captioned action against defendants CITY OF CLEARLAKE, ALLAN McLAIN, LEE LAMBERT, JANINE LOWE, SCOTT SPIVEY, CURT GIAMBRUNO, CHUCK LEONARD, JUDY THEIN, ROY SIMONS, TODD MILLER, CARL MILLER, RODD JOSEPH, and BRETT RHODES ("Defendants") (collectively the "Parties"), alleging violations of the Constitutions of the United States and of the State of California, and seeking damages as well as relief pursuant to California Civil Code § 1094.5; and

/ / /

WHEREAS, the matters underlying Plaintiffs' claims concern, inter alia, alleged unsafe and/or nuisance conditions at the real property owned by plaintiff Grant Meyer and known as 3971 and 3981 Pine Avenue in the City of Clearlake, California (the "Property"); and

WHEREAS, on April 19, 2010, the private firm of Willdan Engineering performed an inspection of the Property, at Defendants' expense, and prepared a Report of observed violations of the Clearlake Municipal Code, the California Health and Safety Code, and/or the Uniform Building Code (the "Report"). A copy of the report is attached as Addendum A to this consent decree; and

WHEREAS, the Parties have reached a settlement agreement providing for the payment of a settlement sum by Defendants to Plaintiffs and the abatement of the alleged unsafe and/or nuisance conditions set forth in the Report; and

WHEREAS, the execution of said settlement agreement imposes continuing duties and obligations on the part of the Parties.

Accordingly, the Parties hereby agree to the terms and provisions set forth below and request that the Court enter and enforce said terms and provisions as this Consent Decree:

**I.     Settlement Sum and Initial Payment**

Defendants agree to pay Plaintiffs the sum of FIFTY THOUSAND DOLLARS AND NO/100'S ($50,000.00) by checks payable to Grant Meyer, Marilyn Meyer and the Law Office of Frear Stephen Schmid as follows: FORTY THOUSAND DOLLARS AND NO/100'S ($40,000.00) upon the Court's entry of this Consent Decree, and TEN THOUSAND DOLLARS AND NO/100'S ($10,000.00) upon the completion of the abatement of the Property as set forth in section IV below. Plaintiffs hereby name, designate and appoint their attorneys as authorized agents to accept delivery of settlement sum on their behalf. Said settlement sum includes any and all fees and costs (including attorney's fees) Plaintiffs have incurred in the instant action, including but not limited to any such fees which Plaintiffs may claim pursuant to 42 U.S.C. § 1988. Defendants' payment of

1   said settlement sum to Plaintiffs shall not be construed as an admission that Plaintiffs are entitled to
2   recover attorney's fees pursuant to 42 U.S.C. § 1983 or any other statute.

3   **II.     Release of All Claims**

4         In consideration of the payment of the settlement sum set forth above, Plaintiffs and
5   Defendants hereby mutually release and forever discharge each other and their respective servants,
6   officers, partners, agents, employees, insurance carriers and all others, of and from any and all
7   claims, demands, actions, or causes of action, known or unknown, including all injuries, deaths, and
8   property damage, arising out of, or in any way connected with or resulting from the events set forth
9   in Plaintiffs' complaint, alleged in discovery proceedings in the present action, and otherwise
10  involving Plaintiffs' encounters with Defendants, their agents and employees, from January 1, 2003
11  through the date of the dismissal of this action.

12        This is a full and final release applying to all unknown and unanticipated injuries, deaths, or
13  damages arising out of said events, as well as to those not known or disclosed, and the parties waive
14  all rights or benefits which they now have, or in the future may have, under the terms of Section
15  1542 of the Civil Code of the State of California, which said section reads as follows:

16            A general release does not extend to claims which the creditor does
      not know or suspect to exist in his or her favor at the time of
17    executing the release, which if known by him or her must have
      materially affected his or her settlement with the debtor.
18

19        Plaintiffs understand the liability for said events is disputed by the parties herein released,
20  and this release is a compromise and shall not be construed as an admission of liability.

21        There are no liens, or claims of liens, or assignments in law or equity or otherwise, of or
22  against the claim or cause of action of the Plaintiffs herein; further, that Plaintiffs are fully entitled
23  to give this release and discharge. Should any liens, claims of liens, or assignments in law or equity
24  or otherwise, be asserted of or against the claim or cause of action of Plaintiffs herein, such lien(s),
25  claim(s) and/or assignment(s) are solely the responsibility of Plaintiffs, who will resolve them from
26  the settlement funds herein; further, that Plaintiffs are fully entitled to give this release and
27  discharge.

28

      The terms of this release are contractual and not a mere recital. This release is executed without reliance upon any representation by any Defendants or their representatives, and Plaintiffs have carefully read and understood the contents of this release and sign the same as their own free act.

### III.   Abatement of the Unsafe and/or Nuisance Conditions at the Property

      Within 90 days of the Court's entry of this Consent Decree, Plaintiffs will abate, at their own expense, all alleged unsafe and/or nuisance conditions located at the Property as set forth in the Report, with the exception of items 17, 20 and 27 concerning the mobile home at 3971 Pine Avenue. The City agrees to issue all necessary permits for any work necessary and proper to perform the work to abate said conditions without charge; that is to waive any permit fees and inspection fees. At a time to be agreed by the Parties, but in no event later than 120 days after the Court's entry of this Consent Decree, Willdan Engineering will, at Defendants' expense, conduct a further inspection of the Property to verify complete abatement of all such conditions. Plaintiffs hereby expressly consent to Willdan Engineering's entry onto the Property, including into any structures thereon, for purposes of this further inspection.

      Should Willdan Engineering determine, at this further inspection, that unsafe and/or nuisance conditions listed in the Report, with the exception of items 17, 20 and 27 concerning the mobile home at 3971 Pine Avenue, continue to exist at the property, plaintiffs shall have an additional 20 days to either cure any such conditions or invoke the provisions of Section VI below. Subject to any court order issued pursuant to Section VI below, Willdan Engineering shall than conduct a final inspection and determine whether any such conditions have been cured. The City of Clearlake, thereafter, will be entitled to abate any uncured conditions within 60 days, through its employees, agents or contractors. Plaintiffs hereby expressly consent to the City's entry onto the Property, including into any structures thereon, for purposes of said abatement.

### IV.   Payment of the Remainder of the Settlement Sum

      The $10,000.00 remaining to be paid by Defendants to Plaintiffs shall be payable within fifteen (15) days of Willdan Engineering's determination, at the further inspection of the Property, that all unsafe and/or nuisance conditions set forth in the Report have been abated by Plaintiffs. If

1  Plaintiffs fail to abate the unsafe and/or nuisance conditions listed in the Report, with the exception
2  of items 17, 20 and 27 concerning the mobile home at 3971 Pine Avenue, within the time allowed in
3  Section III above, or, if invoked, section VI below, plaintiffs shall forfeit the remaining $10,000
4  portion of the settlement.

## V.  Dismissal of the Instant Action with Prejudice

Within ten (10) days of Defendants' payment of the remainder of the settlement sum or plaintiffs forfeiture of the remainder of the settlement as set forth in section IV, supra, the Parties, through their respective counsel, shall jointly execute and file with the Court a Stipulated Request for Dismissal and Proposed Order pursuant to Federal Rules of Civil Procedure, Rule 41, requesting that the Court dismiss the instant action and all claims contained therein with prejudice pursuant to Federal Rules of Civil Procedure, Rule 41.

## VI.  Court's Retention of Jurisdiction

The above-entitled Court retains jurisdiction to enforce the provisions of this Consent Decree. Should any dispute arise among the Parties regarding the interpretation or performance of said provisions, the Parties shall meet and confer in good faith as set forth in Civil L.R. 37-1(a) in an attempt to resolve said dispute informally. If the Parties are not able to resolve the dispute informally within five court days, any party may apply to the Court for enforcement of the provision(s) at issue. Said application shall be in the form of a letter brief not to exceed three pages in length, filed with the Court and served on all Parties via the Court's electronic-filing system. The moving party's letter brief must detail the attempts the Parties have made to resolve the issue(s) informally. The opposing party shall have five court days to file an opposition via letter brief not to exceed three pages in length, filed with the Court and served on all Parties via the Court's electronic-filing system. The matter shall be deemed submitted upon such papers unless the Court finds that a hearing is required. The Court's ruling on the issue(s) shall be deemed final and not appealable, but a party may, within ten days of the ruling, file and serve a motion for reconsideration pursuant to the requirements of Civil L.R. 7-9. If plaintiffs invoke the provisions of this section, and the Court orders plaintiffs to perform abatement work, plaintiffs shall have the time set forth in

1  Section III, supra, to complete the repairs or 5 days from the date of the Court order, whichever is
2  greater.

3

4    Dated: October _____, 2010

5                                                                      _____
                                                                        GRANT MEYER

6    Dated: October _____, 2010
                                                                        _____
7                                                                       MARILYN MEYER

8
9    Dated: ~~October~~ November 24, 2010                               *Judith K. Thein* (signature)
                                                                        CITY OF CLEARLAKE
10

11

12 APPROVED AS TO FORM:

13

14   Dated: October _____, 2010
                                                                        _____
15                                                                      FREAR STEPHEN SCHMID
                                                                        Attorney for Plaintiffs
16
17   Dated: ~~October~~ November 28, 2010                               _____
                                                                        MARK F. HAZELWOOD
18

19

20                                    **ORDER**

21

22 Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

23
          December 2
24 Dated: ~~October~~ _____, 2010                                       _____
                                                                        HONORABLE MARIA-ELENA JAMES
25                                                                      UNITED STATES MAGISTRATE JUDGE

26

27

28

                                              6
                                    [PROPOSED] CONSENT DECREE
                                                                        CASE NO.: 08-04372

Dated: November 21, 2010

_____
GRANT MEYER

Dated: November 21 2010

_____
MARILYN MEYER

Dated: November ___, 2010

_____
CITY OF CLEARLAKE

APPROVED AS TO FORM:

Dated: November ___, 2010

_____
FREAR STEPHEN SCHMID
Attorney for Plaintiffs

Dated: November ___, 2010

_____
MARK F. HAZELWOOD

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: November ___, 2010

_____
HONORABLE MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

1

Dated: November 21, 2010

_____
GRANT MEYER

Dated: November 21, 2010

_____
MARILYN MEYER

Dated: November ___, 2010

_____
CITY OF CLEARLAKE

APPROVED AS TO FORM:

Dated: November 29, 2010

_____
FREAR STEPHEN SCHMID
Attorney for Plaintiffs

Dated: November ___, 2010

_____
MARK F. HAZELWOOD

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: November ___, 2010

_____
HONORABLE MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE